IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRISHELDA JACKSON, | : | No. 4:CV-05-1304 |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| CORRECTION OFFICER JOHNSON | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

July 28, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The Plaintiff, Grishelda Jackson ("Plaintiff"), a former inmate at SCI-Muncy, filed this complaint on June 29, 2005 pursuant to 42 U.S.C. §1983. On May 2, 2006, Defendant Larry Johnson, the sole remaining Defendant in the case, filed a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 & L.R. 56.1 ("the Motion"). (Rec. Doc. 26). On that same date, the Defendant filed a brief, statement of material facts and exhibits in support of the Motion. (Rec. Doc. 27). Thereafter Plaintiff failed to file a brief in opposition to the Motion, despite this Court's Order of May 30, 2006 (doc. 28), which directed Plaintiff to file an opposing brief on or before June 19, 2006. The Order of May 30, 2006 warned the Plaintiff that if she failed to file a brief in opposition, the Court would consider

1

recommending that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

The case was referred to United States Magistrate Judge J. Andrew Smyser. On July 5, 2006, Magistrate Judge Smyser issued a Report and Recommendation (doc. 29), recommending that this Court dismiss the action pursuant to Fed. R. Civ. P. 41(b), for the Plaintiff's failure to obey Local Rule 7.6 and the Order of May 30, 2006.

Objections to Magistrate Judge Smyser's Report were due July 21, 2006. To date, none have been filed.   This matter is now ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION**:

Our review of this case confirms Magistrate Judge s Smyser's determinations and well-reasoned analysis, and while we have not been presented

with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Smyser correctly notes that Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court.  Clearly, as noted by the Magistrate Judge, the Plaintiff has failed to prosecute this action and has failed to obey the Court's Order of May 30, 2006, which directed the Plaintiff to file a brief in opposition to the Motion.  Further, the Plaintiff failed to obey L.R. 7.6, which requires the filing of an opposition brief.

Second, Magistrate Judge Smyser noted the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) to determine whether dismissal of the action is appropriate in this case.  The Poulis factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis, 747 F.2d at 868.  We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any

of the other considerations set forth in Poulis, and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

Under the circumstances before us, where the Plaintiff has failed to oppose the Defendants' Summary Judgment Motion, our review of this case obviously confirms Magistrate Judge Smyser's determinations.  Because we find no error in Magistrate Judge Smyser's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (doc. 29) is ADOPTED in its entirety.

2. This action is DISMISSED.

3. The Clerk is directed to close the file on this case.

S/ John E. Jones III  
John E. Jones III  
United States District Judge